(Pleito No. 239,—Fallado en 24 de Diciembre de 1902.)

## Díaz Caneja contra El Registrador.

TRASLADOS.   De acuerdo con el artículo 449 del Reglamento dictado para la ejecución de la Ley Hipotecaria, en relación con el 397 de la propia ley, para que los asientos de las antiguas anotadurías sobre censos, hipotecas y demás derechos reales, que no fueran de dominio, pudieran perjudicar á tercero, debían ser trasladados á los libros del moderno Registro en el término de un año, á contar desde la promulgación de aquella ley.   Dicho término se amplió después á un año más, según Real Orden de 28 de Noviembre de 1894.

### RESOLUCIÓN.

Puerto Rico, Diciembre veinte y cuatro de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Hilario Cuevillas Hernández, á nombre del Presbítero Don Manuel Díaz Caneja, contra negativa del Registrador de la Propiedad de esta Capital á trasladar el asiento de un censo existente en la antigua Contaduría de hipotecas, á los nuevos libros del Registro.—Resultando: Que habiendo acudido con escrito al Registrador de la

Propiedad de esta Capital el Presbítero Don Manuel Díaz Caneja, como Colector de Capellanías vacantes, en catorce de Septiembre de mil ochocientos noventa y cuatro, en solicitud del traslado á los nuevos libros del Registro de la Propiedad, de un censo de trescientos pesos impuestos á favor de Capellanías, hoy vacantes, sobre una casa de la calle de San Francisco, de esta Capital, marcada con el número 27, propiedad en aquella fecha de Don Canuto Bizón, y que obraba inscrito en el antiguo Oficio de hipotecas, denegó el traslado el Registrador de la Propiedad en veinticinco de Junio del año siguiente, por no resultar acreditada la identidad de la finca gravada, contra cuya resolución no consta que hubiera interpuesto ningún recurso; y que habiendo repetido su solicitud en catorce de Julio último, acompañando una certificación expedida por el Secretario del Ayuntamiento de esta Capital, con la que entendía quedar acreditada la identidad de la finca de referencia, le fué denegada de nuevo por el Registrador, según nota puesta al pie del escrito, que copiada á la letra dice así :—" No admitida la traslación solicitada en el anterior documento, porque la finca á que el mismo se contrae fué inscrita á favor de Don Julián Matienzo y Ahedo en el año mil ochocientos noventa y cinco, ó sea con posterioridad al año á que se refiere el artículo 397 de la Ley Hipotecaria, y en cumplimiento de la Ley sobre recursos contra las resoluciones de los Registradores de la Propiedad, se ha extendido anotación preventiva al folio 213, vuelto, del tomo 36 de esta Capital, finca 1,516, anotación letra A., que tendrá efecto legal durante ciento veinte días de su fecha.　San Juan, Puerto Rico, Septiembre veinte y nueve de mil novecientos dos."—Resultando :　Que contra esta nota ha interpuesto en tiempo, ante este Tribunal Supremo, el Abogado Don Hilario Cuevillas Hernández el presente recurso gubernativo, para que se revoque la nota denegatoria del Registrador de la Propiedad y se le ordene que haga la traslación de la carga en la forma ordenada por las leyes, alegando las razones que estimó

pertinentes en defensa de su derecho; y acompañando una certificación expedida por el Registrador de la Propiedad de esta Capital, creditiva de que el título inscrito á favor del nuevo poseedor de la casa de que se trata, es un informativo posesorio que fué aprobado por el extinguido Juzgado de Primera Instancia de la Catedral de esta Ciudad, con fecha quince de Mayo de mil ochocientos noventa y cinco, y cuya inscripción de posesión ha sido convertida en inscripción de dominio, según consta en los libros del Registro.—Siendo Ponente el Presidente del Tribunal Don José S. Quiñones. Considerando: Que con arreglo al artículo 449 del Reglamento dictado para la ejecución de la Ley Hipotecaria en esta Isla, en relación con el 397 de la propia Ley, para que los asientos de las antiguas Anotadurías sobre censos, hipotecas y demás derechos reales, que no fueran de dominio, pudieran perjudicar á tercero, en lo sucesivo, debían ser trasladados á los libros del moderno Registro en el término de un año, á contar desde la promulgación de aquella Ley en esta Isla; término que se amplió después con calidad de improrrogable, por la Real Orden de veinte y ocho de Noviembre de mil ochocientos noventa y cuatro, á un año más, pero siempre bajo la condición de que la solicitud para el traslado había de ser presentada al Registrador dentro del año prefijado, pues presentada fuera de este término no podría perjudicar á tercero.—Considerando: Que atendidos estos precedentes jurídicos no es posible acceder á la traslación del censo solicitada por el Presbítero Don Manuel Díaz Caneja; pues si bien presentó su solicitud para el traslado dentro del término señalado por el artículo 397 de la citada Ley Hipotecaria, esta solicitud le fué denegada en absoluto por no resultar identificada la finca gravada con el censo, sin que contra la negativa del Registrador hubiera interpuesto recurso alguno, quedando por consiguiente consentida; y si bien hubiera estado en su derecho para subsanar aquel defecto con los beneficios de la ley, para esto era indispensable que hubiera justificado la identificación de la casa

gravada, dentro del año concedido para solicitar el traslado, según se declara por la Real Orden de diez y ocho de Junio de mil ochocientos noventa y cinco, en cuyo sexto considerando se establece "que si el interesado realizara la identificación fuera del plazo en que los traslados podían solicitarse, con perjuicio de tercero, no sería ya posible que perjudicara al que en el intermedio hubiera adquirido algún derecho sobre la finca; pudiendo en otro caso, es decir, en el de que no hubiera terceros, realizarse en cualquier tiempo la traslación solicitada"; de donde se deduce claramente que habiendo pasado la casa de que se trata á un tercer poseedor, con posterioridad al plazo concedido para hacer las traslaciones, como lo consigna el Registrador de la Propiedad en su nota, no es posible hacerla hoy, como lo pretende el Presbítero Don Manuel Díaz Caneja, porque de inscribir el censo en los libros del moderno Registro, resultaría en perjuicio del tercer poseedor, que adquirió la casa libre de aquel gravamen.— Considerando: Que no se opone á esta doctrina la consideración de que la inscripción de los posesorios, á cuya naturaleza corresponde el título del adquirente de la casa en cuestión, se entiende siempre sin perjuicio de tercero de mejor derecho; pues aparte de que no se trata ya de definir los efectos de una simple información posesoria, sino de una inscripción de posesión que se ha convertido ya en una inscripción de dominio con todas sus consecuencias, como resulta de la certificación del Registrador presentada por el mismo recurrente, aún cuando así no fuera, siempre resultaría que estando reservada exclusivamente á los Tribunales de Justicia la facultad de declarar el mejor derecho que pretende tener el Presbítero Don Manuel Díaz Caneja, es á ellos, y no al Registrador, á los que debe acudir á ventilar con el tercer poseedor su pretendida preferencia.—Considerando: Que si bien los Registradores de la Propiedad carecen de competencia para resolver sobre las cuestiones de preferencia y prelación de los títulos inscritos, por estar esta facultad atribuída exclusivamente á los Tribunales de Justicia, este principio,

reconocido ya por la antigua jurisprudencia de la Dirección General de los Registros y reproducida después por la Orden General número 99, de treinta de Abril de mil novecientos, y más luego por la Ley de la Asamblea Legislativa de esta Isla, de treinta y uno de Marzo último, sobre recursos contra las resoluciones de los Registradores, en su sección 9ª, no se opone en lo más mínimo á la función más importante que confiere la Ley Hipotecaria á los Registradores de la Propiedad, cual es la de calificar los títulos al solo efecto de admitir ó denegar las inscripciones, anotaciones preventivas, traslados y demás operaciones del Registro, con arreglo á las leyes, y bajo su más estrecha responsabilidad y sin perjuicio de los recursos que procedan contra la resolución del Registrador, entre ellos precisamente el de acudir los interesados á los Tribunales de Justicia á contender sobre la preferencia de sus respectivos derechos, en la forma que la sección 9ª de la expresada Ley determina.—Vistas las disposiciones legales citadas.—Se confirma la nota denegatoria del traslado solicitado por el Presbítero Don Manuel Díaz Caneja, y que ha dado lugar al presente recurso gubernativo, y devuélvanse al recurrente los documentos presentados, librándose al Registrador de la Propiedad de esta Capital copia certificada de la presente resolución para su conocimiento y demás efectos procedentes.—Lo proveyeron, mandaron y firman los Señores del Tribunal Supremo, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. McLeary.—Antonio F. Castro, *Secretario.*